Danielle DiMauro (*pro hac vice*)
Rebecca Watson (Wyoming Bar No. 5-1683)
WELBORN SULLIVAN MECK & TOOLEY, P.C.
1401 Lawrence Street, Suite 1800
Denver, Colorado 80202
Telephone: 303-830-2500
ddimauro@wsmtlaw.com
rwatson@wsmtlaw.com

Hampton K. O'Neill (Wyoming Bar No. 5- 2876)
WELBORN SULLIVAN MECK & TOOLEY, P.C.
159 North Wolcott, Suite 220
Casper, Wyoming 82601
Telephone: 307-234-6907
honeill@wsmtlaw.com

*Attorneys for Petitioner*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| PONDEROSA RESOURCES CORPORATION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 1:24-cv-00141-SWS |
| | ) | |
| THE UNITED STATES BUREAU OF LAND | ) | |
| MANAGEMENT, ANDREW ARCHULETA, in | ) | |
| his capacity s Wyoming State Director for the | ) | |
| U.S. Bureau of Land Management, and THE | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | |
| INTERIOR, | ) | |
| | ) | |
| Respondents. | ) | |

### UNOPPOSED MOTION TO EXTEND STAY OF ALL DEADLINES FOR 30 ADDITIONAL DAYS

Petitioner moves to extend the stay of all deadlines in this case by 30 days. In support of this request, Petitioner states as follows:

1.    Counsel for Petitioner has conferred with counsel for Respondents and counsel for

1

Intervenors regarding the relief requested herein.  Respondents consent to the requested relief and Intervenors take no position on the requested relief.  The motion is therefore unopposed.

2.    Petitioner and Respondents have reached agreement as to the content of the administrative records in this case.  Respondents have prepared the records but have not yet lodged them with the Court.

3.    Because settlement would promote judicial efficiency and economy and conserve the resources of the parties and the Court, Petitioner and Respondents explored the possibility of settling this case.  The Court granted Petitioner's and Respondents' joint motion to stay all deadlines in this case and subsequently extended the stay to February 23, 2026.  (Dkt. 43, 47, 52.)

4.    During the stay, Respondents and Petitioner continued to evaluate whether it was possible for them to settle this dispute without further court intervention.

5.    On February 23, 2026, Respondents and Petitioner informed the Court that Respondents needed additional time to confer with the leadership of the Department of the Interior about whether settlement would be in the best interests of the Department and the public.  (Dkt. 53.)  They also advised the Court that the requested extension would allow for schedule alignment between this case and *Ovintiv Inc. v. Bureau of Land Management*, No. 1:25-cv-264-SWS (D. Wyo.), which presents overlapping questions of law with this case.  (Dkt. 53.)

6.    On February 24, 2026, the Court extended the stay of all deadlines in this case to April 9, 2026.  (Dkt. 54.)

7.    As settlement would have avoided the need for briefing, Petitioner did not expend

resources to prepare its opening brief while settlement discussions were ongoing. On March 24, 2026, counsel for Respondents informed counsel for Petitioner that Respondents did not intend to make a further counteroffer. Settlement discussions have therefore reached an impasse.

8. Because Petitioner was awaiting a response from Respondents until March 24, 2026, and Petitioner's counsel had conflicting litigation commitments between that date and April 9, 2026, it is not feasible for Petitioner to file its opening brief on April 9, 2026.

9. Counsel for Petitioner has primary responsibility for oral argument on behalf of intervenor-appellees in an appeal before the Tenth Circuit Court of Appeals, *Colorado Wild Public Lands v. U.S. Forest Service*, No. 25-1055, which is scheduled for May 13, 2026, in Denver, Colorado. Counsel for Petitioner also has primary responsibility for oral argument on behalf of one intervenor-defendant in a case pending before the U.S. District Court for the District of Montana, *Montana Wildlife Federation v. Bernhardt*, No. 4:18-cv-00069, which is scheduled for May 20, 2026, in Great Falls, Montana. Finally, counsel for Petitioner has primary responsibility for briefing on behalf of an intervenor-respondent in two companion cases before the Tenth Circuit Court of Appeals, *State of Colorado v. EPA*, No. 26-9515, and *Nat'l Parks and Conservation Ass'n v. EPA*, No. 26-9516. Under the current schedule, respondents' briefs in those cases will be due July 8, 2026. In view of these existing commitments, if Petitioner elects to proceed with this case, its counsel will need additional time to prepare the opening brief.

10. The government has not yet lodged the administrative record in *Ovintiv Inc. v. BLM*, No. 1:25-cv-264-SWS (D. Wyo.). The requested extension of the stay therefore would continue to support schedule alignment between the two cases, thus conserving

government resources.

11.   Moreover, because settlement discussions have not been successful, Petitioner is evaluating the costs and benefits of proceeding with this litigation.  Petitioner anticipates that by May 11, 2026, it will be prepared to file a motion regarding further proceedings in this case, or a proposed schedule for lodging of the administrative record and merits briefing.  Petitioner would confer with the other parties at that time to formulate a mutually acceptable briefing schedule to propose to the Court.

For the foregoing reasons, Petitioner respectfully requests that the Court extend the stay of all briefing deadlines in this case for 30 additional days, until May 11, 2026.

Respectfully submitted this 9th day of April, 2026.

WELBORN SULLIVAN MECK & TOOLEY, P.C.

*/s/ Danielle DiMauro*
Danielle DiMauro (*pro hac vice*)
Rebecca W. Watson (WY Bar No. 5-1683)
1401 Lawrence Street, Suite 1800
Denver, Colorado 80202
Telephone: 303-830-2500
Facsimile: 303-832-2366
ddimauro@wsmtlaw.com
rwatson@wsmtlaw.com

Hampton K. O'Neill (WY Bar No. 5- 2876)
159 North Wolcott, Suite 220
Casper, Wyoming 82601
Telephone: 307-234-6907
honeill@wsmtlaw.com

*Attorneys for Petitioner*